**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-10276
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY COLEMAN,

Defendant-Appellant.

**Appeal from the United States District Court**
**for the Northern District of Texas**
**USDC No. 3:00-CR-34-ALL-R**

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy Coleman appeals his guilty-plea conviction of possession with intent to distribute cocaine. Coleman argues that no lawful basis existed for City of Mesquite officers to stop him in the City of Dallas because, under Texas law, the jurisdiction of police officers to detain an individual for minor traffic violations ends at the city limits. Therefore, he argues, the search

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident to arrest was unreasonable.

At the suppression hearing, evidence was adduced that a City of Mesquite Police Department officer observed Coleman drive off in a Cadillac without wearing his seat belt. The officer followed the Cadillac as it entered the City of Dallas, where a City of Mesquite marked police car stopped it. The police officers placed Coleman under arrest for the traffic violation observed within the City of Mesquite. A search of the vehicle incident to arrest revealed a kilogram of cocaine and a firearm. An inventory search revealed an additional 15 grams of crack cocaine in the console. Coleman consented to a search of his hotel room, where additional incriminating evidence was found.

Coleman's vehicle was stopped for a traffic violation, i.e., not wearing a seatbelt, and that traffic violation created sufficient probable cause to support the stop. See Whren v. United States, 517 U.S. 806, 809 (1996); United States v. Jones, 185 F.3d 459, 463-64 (5th Cir. 1999). The stop and subsequent arrest of Coleman were proper under the Fourth Amendment. See Jones, 185 F.3d at 463-64.

The district court did not err in denying Coleman's motion to suppress the evidence. Coleman's arguments to the contrary do not overcome the applicable precedents of this circuit. The judgment of the district court is **AFFIRMED.**